# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| GEORGIA CAMPBELL,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Georgia Campbell ("Plaintiff") brings this action against defendant Equifax Information Services, LLC ("Equifax") and defendant Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. As alleged below, after Plaintiff's First Progress account was discharged in bankruptcy, Defendants sold credit reports that reported the account as charged off. Plaintiff was later denied an extension of credit based on information reported by Defendants and has been forced to deal with aggravation and humiliation of a poor credit score.

## PARTIES

2. Plaintiff resides in Miami, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

3. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax qualifies as a "consumer reporting agency."

4. Defendant Experian Information Solutions, Inc. is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Experian qualifies as a "consumer reporting agency.

## JURISDICTION AND VENUE

5. The claims asserted in this complaint arise under §1681e(b) of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

6. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

7. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave

responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681(a).

8. To that end, the FCRA imposes upon consumer reporting agencies (or credit bureaus) the duty of assuring maximum possible accuracy of information when preparing consumer reports by establishing reasonable procedures to maintain compliance with this reporting standard.

9. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendant Willfully and/or Negligently Violated the FCRA and Plaintiff Was Harmed**

10. On January 1, 2019, Plaintiff voluntarily filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida, Case No. 19-10271-RBR.

11. On April 14, 2019, the court granted the petition and discharged all of Plaintiff's pre-petition debts.

12. Plaintiff's First Progress account was a pre-petition debt that was opened before the petition and was included in the discharge.

13. In or about July 2020, Plaintiff reviewed her Equifax and Experian credit reports and saw that the pre-petition debt that was discharged in bankruptcy

was being reported as a charged off debt, with no mention of the account being part of the bankruptcy petition.

14. Equifax and Experian knew or should have known that the debt was discharged in bankruptcy.

15. Indeed, Equifax and Experian both included the bankruptcy on Plaintiff's credit reports in the "Public Records" section of the reports.

16. What's more, the other pre-petition debts that were discharged in bankruptcy were accurately reported as closed.

17. Defendants thus failed to maintain reasonable procedures to ensure that all pre-petition debts that were discharged in bankruptcy were properly marked as discharged, and not included as charged off accounts.

18. Plaintiff was later denied an extension of credit based on information contained in her Equifax and Experian reports.

19. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

20. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION
## COUNT I

**Against Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e**

21. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

22. The FCRA imposes a duty on credit reporting agencies to devise and implement reasonable procedures to ensure the "maximum possible accuracy" of credit reports: "Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

23. Defendants violated §1681e(b) and did not establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports by failing to note that the account mentioned was already discharged in bankruptcy.

24. Defendants' conduct was a direct and proximate cause of Plaintiff's damages.

25. As a result of Defendants' statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 18, 2021          **COHEN & MIZRAHI LLP**

                                        /s/ Yosef Steinmetz
                                          YOSEF STEINMETZ

YOSEF STEINMETZ
Florida Bar No. 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:  929/575-4175
929/575-4195 (fax)
ysteinmetz@cmlattorneys.com

*Attorneys for Plaintiff*